**Maras DJOKIC, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–3393.

United States Court of Appeals, Sixth Circuit.

Sept. 15, 2004.

Rehearing Denied Nov. 12, 2004.

Carl M. Weideman, III, Weideman & Weideman, Grosse Pointe Woods, MI, for Petitioner.

Mark C. Walters, U.S. Department of Justice, Washington, DC, for Respondent.

Before SUTTON and COOK, Circuit Judges; and ALDRICH, District Judge.*

*ORDER*

Maras Djokic has filed a petition for judicial review of an order of the Board of Immigration Appeals ("BIA"), that summarily affirmed an immigration judge's denial of Djokic's fourth motion to reopen his deportation proceedings. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Djokic is a native and citizen of Yugoslavia, who entered this country illegally in 1985. He applied for suspension of deportation, but did not appear at a scheduled hearing on his application. Thus, an immigration judge ("IJ") issued an *in absentia* order on December 17, 1998, directing that he be deported. Djokic did not appeal that order, but he did file several motions to reopen the proceedings, primarily alleging that his attorney had advised him not to appear at the hearing.

The IJ denied the first motion in 1999, because Djokic had not shown that his failure to appear was caused by exceptional circumstances. A different IJ denied the second motion in 2000, because the denial of the first motion was administratively final. Another IJ denied the third

motion in 2001, because it was untimely filed. Djokic did not appeal any of these orders to the BIA.

Djokic filed his fourth motion to reopen on October 31, 2001, again alleging that he had been denied the effective assistance of counsel. An IJ denied this motion on November 15, 2001, because it was untimely and because Djokic had already filed the maximum number of such motions. The BIA affirmed the IJ without opinion on February 20, 2003. Thus, our analysis is focused on the IJ's decision, rather than that of the BIA. *See Denko v. INS,* 351 F.3d 717, 723 (6th Cir.2003).

Djokic argues that his due process rights were violated because a full panel of the BIA did not conduct an individualized review of his administrative appeal and because the BIA affirmed the IJ's decision without issuing a reasoned opinion. However, our court has rejected these arguments in upholding the BIA's streamlined appeals procedure against administrative law and due process challenges. *See id.* at 727–30 & n. 10. Hence, Djokic's due process claim is unavailing.

We review the denial of Djokic's fourth motion to reopen for an abuse of discretion. *See Scorteanu v. INS,* 339 F.3d 407, 411 (6th Cir.2003). The government concedes that the IJ erred in part, because the usual numerical limit of one motion to reopen does not apply to *in absentia* orders. However, the IJ also properly found that Djokic's fourth motion was untimely.

It was Djokic's burden to show that he was not notified of the deportation hearing or that exceptional circumstances prevented him from appearing there. *See id.* Djokic alleged that he did not appear because of exceptional circumstances, as his attorney had advised him that the hearing

---

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

would be continued. A motion to reopen based on exceptional circumstances must be filed within 180 days of the *in abstentia* order. 8 U.S.C. § 1252B(c)(3)(A). Thus, the IJ did not abuse his discretion by denying Djokic's fourth motion, as it was filed almost three years after the underlying order. *See Scorteanu,* 339 F.3d at 412–14.

Djokic argues that the ineffective assistance of his prior attorneys amounted to a due process violation that was not governed by the 180–day limitation period. This argument is unpersuasive. *See id.* at 412. At any rate, Djokic's fourth motion would have been untimely, even if the limitations period were tolled while all of his prior motions were pending. *See id.* at 413–14.

Accordingly, the petition for judicial review is denied.